UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

BRENDA J.T.
a/k/a/ BRENDA J.,

                      Plaintiff,

-against-                                          5:24-CV-00980 (LEK/PJE)

COMMISSIONERS OF SOCIAL SECURITY,

                      Defendants.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

Plaintiff Breanda J.[1] brings this action pursuant to 42 U.S.C. § 405(g) seeking review of a decision by the Commissioner of the Social Security Administration ("Commissioner") denying her application for disability insurance benefits ("DIB"). Dkt. No. 1 ("Complaint").

On December 27, 2024, Plaintiff moved to vacate the Commissioner's decision. Dkt. No. 11 ("Plaintiff's Motion"). The Commissioner filed a Response, Dkt. No. 18 ("Defendant's Motion"), and Plaintiff filed a reply, Dkt. No. 19.

On August 31, 2025 Magistrate Judge Evangelista issued a Report and Recommendation, recommending that Plaintiff's Motion be denied, that Defendant's Motion be granted, and that the Commissioner's decision denying benefits be affirmed. Dkt. No. 20 ("Report and Recommendation"). Plaintiff filed an objection to the Report and Recommendation, Dkt. No. 21 ("Objection"), and Defendant responded. Dkt. No. 22 ("Response").

---

[1] In accordance with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, which was adopted by the Northern District of New York in 2018 to better protect personal and medical information of non-governmental parties, this Order will identify Plaintiff's last name by initial only.

## II. BACKGROUND

The Court assumes familiarity with the factual and procedural background detailed in the Report and Recommendation. R. & R. at 2.

## III. LEGAL STANDARD

"Rule 72 of the Federal Rules of Civil Procedure and Title 28 United States Code Section 636 govern the review of decisions rendered by Magistrate Judges." *A.V. by Versace, Inc. v. Gianni Versace, S.p.A.*, 191 F. Supp. 2d 404, 405 (S.D.N.Y. 2002); *see also* 28 U.S.C. § 636; Fed. R. Civ. P. 72. Review of decisions rendered by magistrate judges are also governed by the Local Rules. *See* L.R. 72.1. 28 U.S.C. § 636 states:

> Within fourteen days after being served with a copy [of the Magistrate Judge's report and recommendation], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C). When written objections are filed and the district court conducts a de novo review, that "*de novo* determination does not require the Court to conduct a new hearing; rather, it mandates that the Court give fresh consideration to those issues to which specific objections have been made." *A.V. by Versace*, 191 F. Supp. 2d at 406 (emphasis in original).

"The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record." *DiPilato v. 7-Eleven, Inc.*, 662 F. Supp. 2d 333, 339 (S.D.N.Y. 2009). "When a party

2

makes only conclusory or general objections, or simply reiterates the original arguments, the Court will review the [report and recommendation] strictly for clear error." *N.Y.C. Dist. Councils. of Carpenters Pension Fund v. Forde*, 341 F. Supp. 3d 334, 336 (S.D.N.Y. 2018) (quoting *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009)).

## IV.   DISCUSSION

Plaintiff in their objection raises one argument: that the "ALJ erred in formulating the mental RFC" by "substitut[ing] her own lay opinion absent any other compelling evidence to find Plaintiff was not disabled." *Id.*

The Court finds this objection to be completely unavailing. Plaintiff has raised this claim previously in his briefing, s*ee* Plaintiff's Motion at 7–11; Reply at 1–5, and Judge Evangelista considered it in his thoughtful and well-reasoned Report and Recommendation. *See* R. & R. at 16–24. In the Report and Recommendation, Judge Evangelista noted that "the RFC is an administrative finding not a medical one . . . [and] [u]ltimately, an ALJ is tasked with weighting the evidence in the record and reaching an RFC finding based on the record as a whole." R. & R. at 16 (quoting *Shawn M. v. Comm'r of Soc. Sec.*, No. 21-CV-254-DB, 2024 WL 896926, at *9 (W.D.N.Y. Mar. 1, 2024)). Judge Evangelista also found that in reaching an RFC determination, "[t]he ALJ . . . looked to Plaintiff's reported daily activities…[and sufficiently] reviewed [the] record[]," R. & R. at 18, and accordingly found that the ALJ's rejection of Dr. Shapiro's opinion was "supported by substantial evidence." *Id.* at 19.

Given that Plaintiff's objection is one that Judge Evangelista already considered, Plaintiff's objection does not trigger *de novo* review. Upon review of the Report and Recommendation, as well as the Record, the Court finds no clear error. *See Wentzel v. Pliler*, No. 21-CV-9245, 2023 WL 5183144, at *2 (S.D.N.Y. Aug. 11, 2023).

## V. CONCLUSION

Accordingly, it is hereby:

**ORDERED**, that the Report and Recommendation, Dkt. No. 20, is **APPROVED and ADOPTED in its entirety**; and it is further

**ORDERED**, that Plaintiff's motion for judgment on the pleadings, Dkt. No. 11, is **DENIED**; and it is further

**ORDERED** that Commissioner's motion for judgment on the pleadings, Dkt. No. 18 is **GRANTED**, and that the Commissioner's decision denying Plaintiff benefits be **AFFIRMED**.

**ORDERED**, that this action is **DISMISSED**; and it is further

**ORDERED**, that the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

DATED:     September 30, 2025
           Albany, New York

LAWRENCE E. KAHN
United States District Judges